IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 16, 2014

## STATE OF TENNESSEE v. JOHN ROBERT QUINTON JACKSON

**Appeal from the Circuit Court for Montgomery County**
**Nos. 40801258, 40801260, 40801261, 40901207     Michael R. Jones, Judge**

**No. M2013-02172-CCA-R3-CD - Filed October 15, 2014**

The record in this matter is very sparse. Much of our understanding of its history comes from the decision of this court in the defendant's direct appeal, State v. John Robert Q. Jackson, No. M2012-00511-CCA-R3-CD, 2013 WL 791621 (Tenn. Crim. App. Mar. 4, 2013). As best we can understand, the defendant, John Robert Quinton Jackson, pled guilty in February 2009 to five counts of aggravated burglary, two counts of automobile burglary, one count of theft over $10,000, and one count of theft over $1000, receiving an effective sentence of six years in community corrections. In September 2009, he was served with a violation warrant and subsequently pled guilty to an additional count of aggravated burglary, receiving a four-year sentence in community corrections, to be served concurrently with the six-year community corrections sentence reinstated by the court. Later, he was served with another violation warrant, based upon his participation in a home invasion and aggravated robbery. Pursuant to Tennessee Rule of Criminal Procedure 36.1, he filed a motion for correction of an illegal sentence, which the trial court dismissed. He appeals that dismissal. Based upon our review, we affirm the trial court's dismissal of his motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and NORMA MCGEE OGLE, J., joined.

John Robert Quinton Jackson, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and J. Lee Willoughby, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTS

In the defendant's direct appeal following his resentencing, this court set out the sentencing imposed by the trial court:

> The trial court revoked [the defendant's] community corrections sentence and re-sentenced him to concurrent three-year sentences for each count in case number 40801258, concurrent four-year sentences for each count in case number 40801260, an effective four-year sentence in case number 40801261, and four years in case number 40901207. In considering consecutive sentencing, the trial court found that [the defendant] had an extensive criminal history. Tenn. Code Ann. § 40-35-115(b)(2) (2010). Thus, the court ordered that [the defendant] serve his sentences in case numbers 40801258, 40801260, and 40801261 consecutively to each other. He ordered that [the defendant] serve his sentence in case number 40901207 concurrently with his sentence in case number 40801260, for an effective eleven-year sentence in the Tennessee Department of Correction.

Id. at *2.

## ANALYSIS

According to the defendant's appellate brief, his two issues on appeal are whether the trial court erred in imposing consecutive sentencing by mistakenly concluding that he had an extensive criminal history and that it lacked jurisdiction to hear his motion. We will consider these claims.

As to the first, that the trial court erred in resentencing by concluding that the defendant had an extensive criminal history, this court, in the defendant's direct appeal, concluded that the evidence supported that determination:

> [The defendant] also claims that the trial court erred by finding that [the defendant] is an offender whose record of criminal activity is extensive and by ordering that he serve his sentences consecutively. Without citation to any authority, [the defendant] posits that his convictions "were from a short duration of time which constituted the same or similar acts, which does not warrant the finding of a professional criminal or having had an extensive criminal history." We disagree and note that the record shows that [the

defendant] has an extensive history of criminal activity. [The defendant's] history of criminal activity includes at least nine different felony convictions in addition to some misdemeanor convictions. Although some of the activity includes criminal charges that have not yet resulted in convictions, convictions do not solely justify the finding of an extensive criminal history. See State v. Angela Marie Jewell Larzelere, No. 01C01-9506-CC-00187, 1996 WL 12150 (Tenn. Crim. App. Jan. 11, 1996) (citing State v. Cummings, 868 S.W.2d 661, 667 (Tenn. Crim. App. 1992)) (noting that this court has "previously held that prior convictions are not necessary to support a finding of an extensive criminal history warranting an imposition of consecutive sentences").

Id. at *4.

As before, the defendant's claims are without merit that his criminal history is not "extensive." Actually, it is. As for the trial court's conclusion that it was without jurisdiction to consider the defendant's Rule 36.1 motion to correct an illegal sentence, we disagree. While the trial court did have jurisdiction to hear the claim, it was bound by the earlier determination of this court that the record supported the sentences imposed following the revocation of community corrections. See State v. Carter, 114 S.W.3d 895, 902 (Tenn. 2003) ("[W]hen an initial appeal results in a remand to the trial court, the decision of the appellate court establishes the law of the case, which must be followed upon remand."). This is precisely what the trial court did.

## CONCLUSION

Based upon the following authorities and reasoning, we affirm the trial court's denial of the motion to correct the sentence.

_____
ALAN E. GLENN, JUDGE